UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILLIAM BERGHOFF, <br><br> Plaintiff, <br><br> v. <br><br> ALLEN COUNTY JAIL STAFF, QUALITY CORR. CARE, BEAHL, and MORGAN, <br><br> Defendants. | CAUSE NO. 1:24-CV-248-TLS-JEM |

**OPINION AND ORDER**

William Berghoff, a prisoner without a lawyer, filed a complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Berghoff alleges that on June 18, 2022, at approximately 6:30 p.m., he approached the jail nurse and the two officers with her during medication pass on the 6B block of the Allen County Jail. He told them that he had COVID-19/flu symptoms and felt like he would pass out at any given moment, and they told him to go lay down. Berghoff repeated his symptoms and again was told to go lay down. He began to walk towards his cell and fell. The fall caused him to break his hand in three places and his foot in six places. He asks the Court for damages and to order him corrective surgery.

Pretrial detainees are entitled to constitutionally adequate medical care under the Fourteenth Amendment, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to their health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Whether a defendant provided reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant did a volitional act or made a deliberate choice not to act. *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (cleaned up). "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Id.* Then, the reasonableness of that action or inaction is assessed based on whether "reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that her action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "Reasonableness, in turn, must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020).

Berghoff does not state a claim for unreasonable medical care under the Fourteenth Amendment. It is a reasonable response to tell a person who is not feeling well to lay down. Berghoff provides no facts about the situation that would allow a reasonable officer or nurse to understand that he needed more immediate care.

This Complaint does not state a claim for which relief can be granted. If Berghoff believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an

2

amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which the Court will send him and which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) DIRECTS the Clerk of Court to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to William Berghoff;

(2) GRANTS William Berghoff until **October 12, 2024**, to file an amended complaint; and

(3) CAUTIONS William Berghoff if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 12, 2024.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3